### UNITED STATES of America

#### v.

### George (Ghebreab) GHEBREZIABHER.

### Crim. A. No. 87–457.

United States District Court,
E.D. Louisiana.

Dec. 14, 1988.

Lawrence B. Fabacher, II, Gill & Fabacher, New Orleans, La., for defendant/mover, George Ghebreziabher.

Patrice M. Harris, Asst. U.S. Atty., New Orleans, La., for plaintiff, United States.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendant, George Ghebreziabher, has filed a motion to strike his guilty plea to one count of food stamp trafficking in violation of 7 U.S.C. § 2024(b). The defendant pled guilty to three misdemeanor counts, but seeks to have his guilty plea stricken to only one count in order to become eligible for the amnesty program implemented by the Immigration Reform and Control Act of 1986. The Government opposes the defendant's motion on the basis that the defendant must have been aware of the immigration consequences of his guilty plea.

### I.

The defendant, George Ghebreziabher, is a native of Ethiopia who entered the United States in 1979. He sought political asylum in the United States in 1982 due to the communist dictatorship in Ethiopia, but his application was denied.

The defendant married an Ethiopian native in Rome, Italy in 1978. The couple have four children of the approximate ages of 8, 6, 3½, and 1 years old. The children are all United States citizens.

As reflected in the pre-sentence report prepared by the United States Probation Service in November, 1987, the defendant has been steadily employed since the time he entered this country. He was employed as a pin setter at a bowling alley, a carpenter and joiner in a shipyard and a construction worker. He has run his own retail business for approximately 2 years.

Mr. Ghebreziabher purchased a home for his family in Marrero, Louisiana in 1982 which has a mortgage. His family's financial condition is stable.

The defendant pled guilty in 1987 to three misdemeanor counts of food stamp trafficking, which involved his accepting food stamps for merchandise when he was not authorized to do so. It is apparent that he was approached by the other individual involved to accept the food stamps initially.

The defendant applied for the amnesty program implemented by the Immigration Reform and Control Act of 1986, but his application was denied because he has three misdemeanor convictions, the three guilty pleas in this matter. He has no other criminal convictions. The defendant was sentenced to probation and restitution.

### II.

Rule 32(d) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any other time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." The plaintiff does not seek relief under this statute, since this motion is not a direct appeal or a motion under 28 U.S.C. § 2255, but under Federal Rule of Civil Procedure 60(b)(6) or by writ of *audita querela.*

The district court in *United States v. Salgado,* 692 F.Supp. 1265 (E.D.Wash.1988) was confronted with a similar situation to that of the defendant here. The defendant there entered the United States from Mexico in 1943 as a migrant worker and married a United States citizen in 1947. He pled guilty to a felony in 1964 and was sentenced to a two year term of imprisonment. He served his time, was deported, and re-entered this country. He applied for Social Security and learned that he was still considered an illegal alien. The Court there found that despite the fact that Rule 32(d) of the Federal Rules of Criminal Procedure and Rule 60 of the Federal Rules of Civil Procedure were inapplicable to this question, "under the totality of the circumstances, it would be a gross injustice to allow this man, who has by all accounts been a model resident for forty-five years save for a single period of unlawful conduct, to effectively serve a life sentence, and for his

family to be deprived of benefits from a fund he had paid into throughout his working life." *Salgado,* 692 F.Supp. at 1268. The district court granted the defendant relief using the common law writ of *audita querela.*

*Audita querela* is a "common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." *Black's Law Dictionary* (5th Ed.); *Salgado,* 692 F.Supp. at 1269. The Court finds that such relief should also be afforded to the defendant herein in the interests of justice.

Mr. Ghrebreziabher has been an industrious member of this community for almost ten years. He has four United States citizen children who will be deprived of his support if he should be deported. He has realized the American dream, owning his own home, and has reduced the mortgage on it from $58,500.00 to $33,000.00 in approximately 6 years. Except for these 3 incidents, he has no convictions. His former employer, a subsidiary of a shipyard where he worked as a carpenter and joiner, thought well of him and found him to be hard-working. The political climate of Ethiopia is another consideration. The State Department has designated Ethiopia as a country of voluntary departure since 1982 due to its internal strife. Since the defendant had to escape from the country initially, the future for Mr. Ghebreziabher there appears to be foreboding. It is also likely that his family will suffer tremendously should he be deported and removed from the home.

The Government argues that the defendant is not entitled to this relief because the pre-sentence report indicates that a guilty plea to three misdemeanor convictions will bar him from receiving amnesty. The report does state this. Where this Court disagrees with the Government is that this presents "overwhelming evidence that the defendant was well aware of the immigration consequences" of his guilty pleas. It is evident to this Court that the defendant could have pled guilty to only two counts of the same offense and received the same sentence, which is probation and full restitution to the Government, a total of $220.00, and not be denied amnesty under the Immigration Reform and Control Act of 1986. Conviction of two counts with the same sentence would serve the interests of justice and not in any way prejudice the United States.

Therefore, for the above and foregoing reasons,

IT IS ORDERED that the defendant's application for a writ of *audita querela* and for relief from the third conviction of violation of 7 U.S.C. § 2024(b) be and is hereby GRANTED and that defendant's October 22, 1987 plea of guilty to Count 1 of the superseding bill of information be and is hereby VACATED.