**UNITED STATES of America, Plaintiff,**

v.

**Christian ACHOLONU, Defendant.**

**No. CR–R–80–46–ECR.**

United States District Court,
D. Nevada.

June 9, 1989.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

The matter before the Court is defendant's March 24, 1989, petition for a writ of *audita querela* (document # 77). Upon a plea of guilty, on December 17, 1980, the defendant was convicted of mail fraud, 18 U.S.C. § 1341 (1982). Defendant requests that the Court vacate this conviction so that he will not be ineligible for "amnesty" under the Immigration Reform and Control Act ("IRCA"), Pub.L. 99–603, 100 Stat. 3359 (codified in scattered sections of 7 U.S.C., 8 U.S.C., and 42 U.S.C.), because of 8 U.S.C. § 1255a(a)(4)(B) (Supp. V 1987) which denies amnesty to any alien convicted of a felony or three or more misdemeanors. On April 26, 1989, the Government timely filed a response opposing defendant's petition.

### I. *Audita Querela*

*Audita querela* is the name of a common law writ which is used to vacate a judgment upon a showing "of events occurring subsequently," *Lapin v. Shulton, Inc.*, 333 F.2d 169, 171 (9th Cir.) *cert. denied*, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964), which constitute "some matter of defense or discharge," *United States v. Salgado*, 692 F.Supp. 1265, 1269 (E.D. Wash.1988), "which could not be taken advantage of otherwise." *Id.* quoting *Black's Law Dictionary* (5th Ed.).

*Audita querela* has been expressly abolished in civil cases by Fed.R.Civ.P. 60(b), which governs obtaining relief from final judgments in civil cases. *United States v. Kimberlin,* 675 F.2d 866, 869 (7th Cir. 1982). *United States v. Morgan,* 346 U.S. 502, 505–06 n. 4, 74 S.Ct. 247, 249 n. 4, 98 L.Ed. 248 (1954), held that *coram nobis* continues to be available in criminal cases because the abolishment of the common law writs by Fed.R.Civ.P. 60(b) applies only in civil cases. Other courts have similarly ruled that *audita querela* continues to be available in criminal cases. *Salgado,* 692 F.Supp. at 1269; *United States v. Ghebreziabher,* 701 F.Supp. 115 (E.D.La.1988). The authority to grant a writ of *audita querela* exists pursuant to the All–Writs Act, 28 U.S.C. § 1651(a) (1982). *Salgado* 692 F.Supp. at 1269; *See, Morgan,* 346 U.S. at 506, 74 S.Ct. at 250.

## II. *Defendant's Petition*

Having concluded that *audita querela* is available in federal courts in criminal cases, the initial difficulty the Court faces in this matter is determining whether the passage of the amnesty provisions of IRCA constitute a "defense" or "discharge" which justifies the nullification of defendant's conviction. Additionally, even if the enactment of IRCA is not a defense or discharge, the Court must determine whether the granting of a writ of *audita querela* would be appropriate on some other basis.

■ Certainly, it would be a non-sequitur to say that IRCA constitutes a discharge of defendant's conviction since 8 U.S.C. § 1255a(a)(4)(B) specifically provides that a felony conviction disqualifies an alien from the amnesty program. The classic example of a discharge which gives rise to *audita querela* relief is the case of a judgment debtor who obtains a discharge of the debt in bankruptcy. *See, e.g., Coan*

*v. Auerbach,* 340 Ill.App. 422, 92 N.E.2d 211 (1950).

Similarly, passage of the IRCA amnesty provision is not a defense to defendant's conviction because it is irrelevant to the substantive law and facts upon which defendant was convicted. An increase in the collateral consequences of a conviction might affect the sentence [1] a defendant receives, but does not go to the merits of the offense charged.[2] Thus, even if we had known that defendant's conviction would ultimately prevent him from obtaining U.S. citizenship through an amnesty program, the Court would not have dismissed the indictment on that basis.

■ Turning to the most difficult issue in this matter, some of the cases suggest that *audita querela* is available not only where subsequent events constitute a "defense" or a "discharge" to a judgment but where subsequent events render the continued existence of the judgment, and its consequences, unjust. *See Salgado,* 692 F.Supp. at 1269–1271; *Ghebreziabher,* 701 F.Supp. at 117. *But see Ames v. Sears, Roebuck and Co.,* 206 Conn. 16, 536 A.2d 563, 566 (1988) (post-judgment change in law upon which judgment based is not grounds for *audita querela* relief). We need not decide whether *audita querela* is available in federal courts for this purpose because, even if it is, we cannot conclude that justice demands that defendant's conviction be vacated in these circumstances.

In *Ghebreziabher,* the court vacated one of three misdemeanor convictions and noted that "[c]onviction of two counts with the same sentence would serve the interests of justice and not in any way prejudice the United States." *Ghebreziabher,* 701 F.Supp. at 117. Here, a vacation of the defendant's one felony conviction would vitiate the government's interest in the maintenance of a criminal record. *See generally Doe v. Webster,* 606 F.2d 1226, 1232

---

**1.** For example, this Court sentenced the defendant to a term of less than one year in response to defendant's unopposed argument that to do otherwise would render him automatically deportable as a result of his conviction. Minute Order of this Court, February 20, 1981.

**2.** It is true that had defendant known of the ultimate consequences of his plea, he might

have insisted on a jury trial. This Court, however, cannot relieve him of his plea at this late date. *See Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950).

(D.C.Cir.1979) ("Congress and the courts have recognized that keeping criminal records constitutes an important police function," citations omitted).[3]

In *Salgado*, the defendant's request for *audita querela* relief was unopposed by the government, *Salgado*, 692 F.Supp. at 1270, unlike the situation here where the government has timely filed its opposition. The conviction which was vacated by the court in *Salgado* was 24 years old, *Salgado*, 692 F.Supp. at 1266, and the defendant had displayed no indications of recidivism during the 24 years after his conviction. *Salgado*, 692 F.Supp. at 1268. Here, the defendant's conviction is less than nine years old, and, while the defendant appears to have been a model citizen since his conviction,[4] the government opposes his motion and the government's interest in maintaining a criminal record of a conviction of mail fraud for longer than nine years is not insubstantial. *See, e.g.*, Fed.R.Evid. 609 (conviction for crime involving dishonesty which is not more than ten years old always admissible to attack credibility of a witness). *See also* 28 U.S.C. § 534(a)(1) (1982) ("The Attorney General shall—(a) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records"). Thus, while the Court is gratified by defendant's successful rehabilitation, we conclude that even though it may justify many other things, it does not justify a writ of *audita querela*.

IT IS, THEREFORE, HEREBY ORDERED that defendant's petition for writ of *audita querela* is *DENIED*.

---

**3.** The government's interest in maintaining a criminal record includes the general deterrence effects of the consequences of a criminal record as well as the protection of the public by providing notice of an individual's past misdeeds. Society's interest in fostering rehabilitation and reintegration of individual's convicted for past misdeeds is also significant; however, IRCA is expressly not intended to further these latter interests in the case of persons convicted of a felony. *See* 8 U.S.C. § 1255a(a)(4)(B) (Supp.V 1987).

**4.** The defendant was discharged from probation on February 6, 1985, and has obtained a master's degree in metallurgical engineering, and completed the course work towards a doctorate degree. The defendant is now gainfully employed as a chemist.