## CIRCUIT COURT OF FAIRFAX COUNTY

Mario Fajardo

  v.    `

Commonwealth of Virginia

March 8, 1990

Case No. (Chancery) 114936

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on the Petition for Writ of Audita Querela filed by petitioner, Mario Fajardo (Fajardo). The petition seeks to remove from record Fajardo's 1983 felony conviction for violation of Va. Code § 46.1-176. The 1983 conviction constitutes an automatic disqualification from legal resident status under the amnesty program instituted by the Immigration Reform and Control Act (IRCA) of 1986, 8 U.S.C. § 1255a. The facts are taken from the papers filed with the Clerk of Court.

On August 15, 1983, Fajardo, a Columbia native, was indicted for maiming, Va. Code § 18.2-51, and failure to stop at the scene of an accident, Va. Code § 46.1-176. Pursuant to a plea agreement, the Commonwealth moved to nolle prosequi the first count, and Fajardo pleaded guilty to the second. As a result of the plea, Fajardo was sentenced to and served a twelve-month jail term.

In 1986, Congress passed IRCA which implemented the amnesty program. Under the new law, illegal aliens are granted legal resident status upon satisfaction of the essential requirements of: (1) having been a resident of the United States continuously since January 1, 1982 (1255a(2)(A)); (2) having been physically present in the United States since November 6, 1986 (1255a(3)(A)); and (3) not being otherwise excludable (1255a(4)(A)). Aliens

convicted of a felony are automatically ineligible for legal resident status under the IRCA amnesty provisions. 1255a(4)(B).

On April 20, 1988, Fajardo applied for legal resident status under the IRCA amnesty program. He met all of the essential requirements except for the 1983 felony conviction. Fajardo then filed this petition on February 6, 1990, seeking removal of the 1983 conviction by a writ of audita querela.

The writ of audita querela is a common law writ "constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge, arising since its rendition and which could not be taken advantage of otherwise." Black's Law Dictionary 120 (5th Ed.). The writ of audita querela is still available in Virginia as an equitable remedy. However, in civil proceedings, the writ has been virtually abolished by the modern motion to quash execution of the judgment. *Steel v. Boyd*, 33 Va. (6 Leigh) 547 (1835). The case law does not speak to the question of whether the writ of audita querela lies in situations involving criminal judgments.

Federal courts, which have decided the question, have held that the writ of audita querela is available in federal criminal cases. *U.S. v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988); *U.S. v. Ghebreziabher*, 701 F. Supp. 115 (E.D. La. 1988); *U.S. v. Acholonu*, 717 F. Supp. 709 (D. Nev. 1989). In *Salgado*, the District Court vacated petitioner's 24-year-old drug conviction. The Court noted that petitioner served a two-year sentence and then led a "peaceful, productive, and uneventful life in the United States" for over twenty years before the action arose. *Salgado*, 692 F. Supp. at 1268. The Court also considered the fact that the petition was unopposed by the government. It determined that "under the totality of the circumstances," the writ of audita querela was proper.

The court in *Ghebreziabher* also found the writ of audita querela to be the appropriate relief. There the District Court vacated one of the petitioner's three misdemeanor convictions. Petitioner pleaded guilty to the misdemeanor counts in 1987. The Court noted that petitioner's sentence remained unchanged even with the removal

of one of the misdemeanor counts. The Court also took into account the fact that petitioner had no other convictions except for the three misdemeanors. Under the circumstances, use of the writ of audita querela did not "prejudice the United States" and "would serve the interests of justice." *Ghebreziabher*, 701 F. Supp. at 117.

In contrast to *Salgado* and *Ghebreziabher*, the *Acholonu* court refused petitioner's request for a writ of audita querela. In *Acholonu*, petitioner sought removal of a nine-year-old felony conviction for mail fraud. Citing the government's interest in maintaining criminal records and the recentness of the conviction, the Court denied the petition. The Court took into account petitioner's successful rehabilitation but found that it was not enough to warrant granting the writ. In reaching its decision, the *Acholonu* court determined that the amnesty provisions of IRCA did not constitute a "discharge or defense" for purposes of the writ of audita querela. *Acholonu*, 717 F. Supp. at 710:

> [c]ertainly, it would be a non sequitur to say that IRCA constitutes a discharge of defendant's conviction since 8 U.S.C. § 1255a(4)(B) specifically provides that a felony conviction disqualifies an alien from the amnesty program . . . . Similarly, passage of the IRCA amnesty provisions is not a defense to defendant's conviction because it is irrelevant to the substantive law and facts upon which defendant was convicted. *Id.*

The facts in the present case are virtually identical to those in *Acholonu*. Fajardo seeks a writ of audita querela to remove his felony conviction claiming he has already served his debt to society. The conviction, like that in *Acholonu*, is less than ten years old. In fact, Fajardo's conviction is less than seven years old. However, unlike the petitioner in *Acholonu*, Fajardo has not remained incident-free since his 1983 felony conviction. Fajardo has a 1987 conviction for driving while intoxicated.

The Court takes note of Fajardo's contention that had he known of the possible consequences of his guilty plea in 1983, he might have "stood the risks and rights of trial." This argument would be tenable had IRCA been

enacted prior to the time Fajardo entered his guilty plea. Under the circumstances, the Court would have had a duty to inform him of the consequences of his guilty plea under the IRCA amnesty provisions. However, IRCA was not enacted until three years after the guilty plea was entered. Neither Fajardo nor the Court could foresee in 1983 that his guilty plea would disqualify him from the IRCA amnesty program in 1986. This Court cannot relieve him of the consequences of his plea some seven years later. *Acholonu*, 717 F. Supp. at 710, n. 2, citing *Ackerman v. United States*, 340 U.S. 193, 198 (1950).

The Court finds that the enactment of the IRCA amnesty provisions does not constitute a defense or discharge for purposes of the writ of audita querela. The Court believes that this common law writ is available in Virginia today in certain criminal cases where the writ could be used to prevent substantial injustice. In the case at bar, petitioner has failed to demonstrate sufficient facts that would allow the Court to conclude that its exercise of this extraordinary writ would be necessary to serve the ends of justice.

For the reasons stated herein, the petition for writ of audita querela is denied.