**UNITED STATES of America, Plaintiff,**

**v.**

**Ewart Mark HOLDER, Defendant.**

**Crim. No. 72–122 HL.**

United States District Court, D. Puerto Rico.

July 3, 1990.

Carlos A. Pérez, Asst. U.S. Atty., Hato Rey, P.R., for the U.S.

Patric D. O'Neill, from the firm of Martínez, Odell, Calabria & Sierra, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before this Court is Ewart Mark Holder's motion to reopen a Petition for Writ of Audita Querela, for relief from his 1974 conviction under 21 U.S.C. 952(a) for the importation of marihuana. After careful consideration of the petition, and the government's opposition, we deny the motion.

After having been dismissed for lack of jurisdiction in the District Court for the U.S. Virgin Islands, on June 21, 1990, the petition is properly before this Court where petitioner was convicted sixteen years ago. Petitioner is a citizen of Guyana. He seeks extraordinary relief from the consequences of his 1974 controlled substance conviction under a writ of audita querela. Specifically, he argues that the sixteen year-old judgment is impeding him from seeking permanent resident status in the United States.

See 8 U.S.C. 1182(a)(23). After having been granted numerous stays by the Immigration and Naturalization Service ("INS") and one stay by this Court, petitioner faces deportation to Guyana, on July 2, 1990.

■ The writ of audita querela may be available in a federal criminal case to obtain relief against the *consequences* of a prior judgment, and where a refusal to grant such relief would strip petitioner of access to newly created rights to which he would otherwise be clearly entitled to by operation of law. *See United States v. Ayala*, 894 F.2d 425 (D.C.Cir.1990); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir.1982); *U.S. v. Salgado*, 692 F.Supp. 1265, 1269 (E.D.Wash.1988).[1]

■ We have scrutinized petitioner's motion for relief and affidavit, and cannot find any facts to show that a right to permanent resident status has been newly created since his conviction in 1974. He has not argued that the Immigration Reform and Control Act of 1986 ("IRCA") provided him a new avenue or abolished a former obstacle for becoming a citizen that was not present in 1974. *See Salgado*, 692 F.Supp. at 1270. A drug conviction has the same preclusive effect on permanent legal resident status now as it did at the time of petitioner's conviction.

Furthermore, the fact that the conviction bars petitioner from seeking permanent resident status does not constitute a "defense" or "discharge" to the prior convic-

tion. *U.S. v. Acholonu*, 717 F.Supp. 709, 710 (D.Nev.1989). There is no "increase in the collateral consequences of a conviction" that might have affected the sentence the petitioner received, nor does it go to the merits of the offense charged. *Acholonu*, 717 F.Supp. at 710. We can find no facts in the petition which would lead us to believe the indictment would have been dismissed or the sentence reduced, had the permanent status requirements been considered at the time of conviction. *Acholonu*, 717 F.Supp. at 710. Petitioner merely states in his affidavit that he was "unaware" in 1973 that a conviction could have a detrimental effect on his ability to travel to the U.S.[2] He does not establish that a right to permanent status was created after 1974 which would entitle him to residency if not for the conviction.

■ Furthermore, we cannot conclude from the facts presented that justice demands that the conviction be vacated. While he testifies that he married a U.S. citizen in 1981, subsequent to his conviction; that he has been residing in the United States since his conviction; and that he has college-age children who are U.S. citizens, there is no evidence that his family depends on him for financial support or the like. There are no extraordinary circumstances of health, safety or loss of family benefits which would justify our interfering with the enforcement proceedings of the INS.[3]

---

1. The Supreme Court has not spoken on the availability of the writ of audita querela after Fed.R.Civ.P. 60(b) became available for post-conviction relief. The most recent appellate court opinion to date, *U.S. v. Ayala*, 894 F.2d 425, expounded on the writ's history and cast doubt on its availability for a criminal defendant, although the Court left the question unresolved. *Ayala*, 894 F.2d at 430. Rather, the Court stated:

   The Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), makes clear that a federal court can vacate a criminal conviction pursuant to the common law writ of audita querela only if the writ permits a defendant to raise a legal objection not cognizable under existing federal post-conviction remedies. *Id.*

2. Petitioner's affidavit states that the sentencing judge questioned the probation officer about

deportation, and the officer replied: "It's up to Immigration." Indeed, the INS has jurisdiction of deportation proceedings, and neither this Court nor any other will interfere with such proceedings without the requisite showing for extraordinary relief. We find petitioner has not met such burden.

3. In a second emergency motion seeking equitable relief filed on the eve of deportation, petitioner submitted evidence that he had a medical appointment at Howard University Hospital on July 11, 1990 which justifies a stay of deportation. Evaluation of the merits of such evidence is for the INS. It does not constitute evidence supporting relief from *conviction*. There is additional evidence in the record of INS's denial of petitioner's request for an additional stay due to the appointment. This written denial is sufficient for this Court to conclude the appointment has been duly considered

■ Moreover, given the INS' repeated denials of petitioner's requests for stay of deportation, waiver applications, and pleas for non-priority status, and the government's vigorous opposition to the petition, there is reason to believe the government would be prejudiced by vacating the judgment. *See U.S. v. Ghebreziabher*, 701 F.Supp. 115, 117 (E.D.La.1988). We find the government's interest in maintaining a criminal record, including the general deterrent effects of the consequences of a criminal record, and the efficient enforcement of the immigration laws, outweighs the petitioner's interest in circumventing the legal requirements for permanent legal resident status. *See Acholonu*, 717 F.Supp. at 710–711.

Petitioner has failed to meet the requirements of the immigration law's requirements for permanent legal resident status. A conviction for a drug offense is a permanent bar to ever becoming a lawful permanent resident in the United States, and there is no waiver for this ground of excludability under Section 212(a)(11) of the Immigration and Nationality Act. Without some showing of extraordinary circumstances, petitioner is merely subject to the continued adverse consequences, harsh as they may be, that result from committing a felony. This Court will not open the doors to extraordinary collateral attacks on felony convictions, absent some compelling interest.

WHEREFORE, the motion to reopen the petition for audita querela and for enjoining INS deportation proceedings, is hereby DENIED.

IT IS SO ORDERED.