**UNITED STATES of America, Plaintiff,**

v.

**Mohammad Bagher JAVANMARD Payghalem, Defendant.**

**No. 83–20005–01.**

United States District Court, D. Kansas.

June 27, 1991.

Robert S. Streepy, Asst. U.S. Atty., for plaintiff.

Ruben Krisztal, Kansas City, Kan.

David Phillips, Asst. Federal Public Defender.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to vacate conviction upon a

writ of *audita querela;* defendant's motion to vacate conviction was argued to the court on June 19, 1991. The United States of America (hereinafter referred to as "the government") opposes defendant's motion.

On April 28, 1983, defendant, pursuant to a plea agreement, entered an Alford plea to one count of making a false statement to the Department of Education, in violation of 18 U.S.C. § 1001. On May 31, 1983, imposition of sentence was suspended and Mr. Javanmard was placed on probation for a period of five years. He was ordered to pay restitution of $544 for the loan involved in Count I, in addition to $3,718 for amounts received for other grants between 1977 and 1979, none of which were included in any of the four counts constituting Mr. Javanmard's indictment. In 1988, Mr. Javanmard was released from probation, and, as of April 1991, had paid all but $477 of the $4,262 in restitution. An agreement between the government and Mr. Javanmard, filed with the court on July 6, 1988, calls for Mr. Javanmard to complete payment of restitution by December 5, 1991. At the hearing upon this motion, Mr. Javanmard, through his counsel, stated that he intended to complete his restitution payments by the date in the agreement. Because of the conviction for the false statement, Mr. Javanmard's application for amnesty under the Immigration Reform and Control Act of 1986 (hereinafter "IRCA") was denied on September 1, 1988, pursuant to section 245A(d)(2)(B)(ii) of IRCA.

The background facts of this matter are essentially undisputed. Mr. Javanmard entered the United States in 1977 under a non-immigrant student ("F1") visa issued by the United States Consul in Tehran, Iran. Upon his arrival in the United States, Mr. Javanmard moved to Lawrence, Kansas, where he enrolled at the University of Kansas for the spring semester of 1977. That same year, Mr. Javanmard married a United States citizen, and, on the basis of that marriage, applied for permanent residency in the United States in April of 1977. This marriage ended in divorce in 1979.

According to his affidavit presented in connection with this motion, Mr. Javanmard understood that as of the date he applied for permanent residence in 1977, that he had become an adjustment applicant and thus, notwithstanding his divorce, no longer had the status of an F1 non-immigrant student. Mr. Javanmard also stated that because he had heard nothing from the Immigration and Naturalization Service regarding his 1977 application for permanent residency, he understood and believed that he had the status of an adjustment applicant when he applied for a student loan in 1980. Thus, when he filled out the basic grant application for the 1980–81 school year, he marked the box stating that he was an eligible non-citizen because of the instructions on the back of the form calling for applicants to check this box, if, among other things, they had an arrival and departure record stamped "adjustment applicant," as Mr. Javanmard indeed had.

Based on Mr. Javanmard's marking of the basic grant application form to state that he was an eligible non-citizen, Mr. Javanmard was indicted in Count I of a four-count indictment for making a false statement for the Department of Education, in violation of 18 U.S.C. § 1001. In his affidavit Mr. Javanmard further stated:

Though I did not believe I had knowingly made a false statement to the Department of Education since I believed I was an adjustment applicant, I was persuaded by my counsel that it would be in my best interest to enter an Alford plea to Count I of the Indictment in order to have the other three counts dropped.

At no time did my counsel advise me of the potential impact a felony conviction could have on my immigration status. In fact, my attorney advised me that by entering an Alford plea, my immigration status would not be adversely affected in the future.

Since that one regrettable mistake which resulted in my conviction 8 years ago, I have been living a productive and constructive life. I have a Bachelor of Science in Electrical Engineering from the University of Kansas and currently possess a 3.30 GPA in graduate school work

towards a Ph.D. in Engineering at the University of Kansas.

I would otherwise qualify for amnesty under IRCA if it were not for my conviction for making a false statement to the Department of Education.

I have been unable to find work of any kind as a result of my application for legal residency under IRCA being denied.

Mr. Javanmard seeks to have his conviction for making a false statement vacated on equitable grounds, so that he may avail himself of the amnesty provisions of IRCA, a law which was not in effect at the time defendant entered his Alford plea before this court. In support of his motion, defendant relies primarily on *United States v. Salgado,* 692 F.Supp. 1265 (E.D.Wa.1988) and *United States v. Ghebreziabher,* 701 F.Supp. 115 (E.D.La.1988).

■ The government's argument in opposition to defendant's motion can be briefly summarized as follows. The government argues that the writ of *audita querela* is not properly available in cases such as this one, because availability of the amnesty provisions of IRCA does not constitute a "defense or discharge" for which the writ was originally intended. Secondly, the government argues that the circumstances of this case do not present such compelling equitable considerations as to outweigh the government's interest in the maintenance of a criminal record.

*Audita querela* "was a common law writ to afford relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2867, at 235 (1973). Upon review of the case law cited by the parties, the court finds persuasive the cases holding that the availability of amnesty under IRCA is not the kind of "defense or discharge" for which this common law writ was historically available. *See United States v. Acholonu,* 717 F.Supp. 709, 710 (D.Nev.1989) and *United States v. Holder,* 741 F.Supp. 27, 29 (D.P.R.1990) (citing *Acholonu* ), *aff'd,* 936

F.2d 1 (1st Cir.1991). Although the court recognizes that courts have granted the relief requested here based upon the writ of *audita querela, see United States v. Salgado,* 692 F.Supp. 1265 (E.D.Wash.1988) and *United States v. Ghebreziabher,* 701 F.Supp. 115 (E.D.La.1988), this court declines to vacate Mr. Javanmard's conviction based upon the writ of *audita querela.*

■ Nonetheless, the court must still consider whether the ends of justice would be served by vacating Mr. Javanmard's conviction upon equitable grounds. Although some courts have expressed skepticism regarding whether the writ of *audita querela* is available wholly on equitable grounds to relieve a defendant of "unjust consequences of a judgment," *see e.g., Acholonu,* 717 F.Supp. at 710–11, it appears to be generally conceded, and the government at hearing also conceded, that the district courts have the power to afford the relief required here on equitable grounds under the All–Writs Act, 28 U.S.C. § 1651(a). The All–Writs Act in relevant part states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). Similarly to the court in *United States v. Grajeda–Perez,* 727 F.Supp. 1374, 1375 (E.D.Wash.1989), this court finds it has wide latitude under the All–Writs Act to construct any remedy necessary to "achieve justice." The issue then becomes solely whether, under the facts of this case, vacating Mr. Javanmard's false statement conviction is in the interests of justice.

■ Upon consideration of the circumstances in this case, the court finds that Mr. Javanmard's conviction may and should be vacated, pursuant to this court's authority under the All–Writs Act, 28 U.S.C. § 1651(a). Specifically, the court notes that Mr. Javanmard, aside from this single conviction, has never been charged or convicted of any other offense during his approximately 14–year stay in the United States. The court also finds that the

**1112**

particular offense of which Mr. Javanmard was convicted is not the kind of offense which is likely to recur. According to the evidence before the court, Mr. Javanmard has diligently pursued his studies at the University of Kansas, and has so far complied with his restitution obligations to the court. Given all of the circumstances of this case, the court finds that the equitable considerations weigh in favor of Mr. Javanmard's interest in obtaining this relief, as opposed to the government's interest in maintaining a criminal record.

As a condition to obtaining a vacation of this conviction, however, the court will impose the requirement the Mr. Javanmard complete the remaining payments on his restitution obligation. Upon payment by Mr. Javanmard of the remainder of his restitution obligations, the court directs the government to file a notice of such completion in the file of this case. Upon such filing, Mr. Javanmard may submit a renewed motion, accompanied by a proposed order, for the court's approval. Until this condition is met, the court finds that defendant's motion should be held in abeyance.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to vacate conviction upon a writ of *audita querela* is held in abeyance, pending defendant's satisfaction of his remaining restitution obligation.

IT IS FURTHER ORDERED that upon defendant's completion of his restitution payments, and upon the United States of America's filing of certification of such completion with the court, defendant may submit a renewed motion to vacate conviction for approval by the court, as consistent with this Memorandum and Order.