26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nelson Rodolfo GUSTAVE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-10376.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1994.
Decided June 1, 1994.
 
 1
 Before: POOLE and REINHARDT, Circuit Judges, TAKASUGI,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nelson Rodolfo Gustave appeals the district court's denial of his petition for a writ of audita querela to vacate his 1984 conviction for distribution of cocaine. Because we find that the district court did not err in denying the writ, we affirm.
 
 I.
 
 4
 Gustave, a citizen of El Salvador, first entered the United States as a visitor in 1970. Both his mother and his wife are American citizens. In May 1984, Gustave was convicted of distribution of cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a) and 846.
 
 
 5
 Upon Gustave's release from federal custody, the INS initiated deportation proceedings against him. Gustave then applied for asylum, but his application was denied, and his subsequent appeals of this denial were unsuccessful.
 
 
 6
 In April 1993, Gustave filed a petition for writ of audita querela in federal court, requesting that the court vacate his 1984 conviction for distribution of cocaine. He claimed that the vacation of his conviction would permit him to apply for relief from deportation. The court denied his petition on June 7, 1993, and Gustave was deported to El Salvador soon thereafter.
 
 II.
 
 7
 The government argues that because Gustave has been deported, 8 U.S.C. Sec. 1105a(c) divests this court of jurisdiction over this appeal. However, section 1105a(c) applies to appellate review of deportation and exclusion orders.[1] Gustave does not ask us to review his deportation order, but rather to vacate his criminal conviction. Section 1105a(c) is thus inapplicable.
 
 
 8
 Nor is this appeal moot. A case is moot where "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985). Gustave still has an ongoing interest in the outcome of these proceedings, since he would like to return to the United States. If the conviction underlying his deportation order were vacated, Gustave might petition for review of the deportation order. See Mendez v. INS, 563 F.2d 956 (9th Cir.1977) (post-deportation review of deportation order warranted where conviction underlying deportation order vacated). This possibility is sufficient to prevent Gustave's appeal from being moot.[2]
 
 III.
 
 9
 Gustave's petition for a writ of audita querela is not supported by any allegations that he was wrongfully convicted of criminal activity. Instead, Gustave argues that his conviction has an inequitable impact on his immigration status, so that "the interests of justice" would be served by vacating his conviction. The government responds that the writ of audita querela has been abolished or, if still available to vacate a criminal conviction, may not be issued on the basis of the purely equitable considerations that Gustave advances. Finally, it argues that even if the writ were available for purely equitable reasons, the district court did not err in denying the writ, since Gustave does not present sufficient equities to justify this extraordinary remedy.
 
 
 10
 Audita querela is a common law writ permitting a defendant to obtain "relief against a judgment ... because of some defense or discharge arising subsequent to the rendition of the judgment." 11 Wright & Miller, Federal Practice and Procedure Sec. 2867, at 235 (1973). Like the writ of coram nobis, it was expressly abolished in civil cases by amendment to Fed.R.Civ.P. 60(b). However, some authority exists for audita querela's continued viability in the criminal context.[3] Courts that have found that audita querela survives have based their holdings on the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), where the writ of coram nobis, a related writ, was found to be available to vacate a criminal conviction.
 
 
 11
 A more difficult question than whether audita querela survives is whether it may be employed for purely equitable reasons. The primary objection to such use of the writ is that it contravenes the separation of powers by not respecting "the proper interest of the legislative branch in defining the beneficiaries of its laws and of the executive branch in maintaining the integrity of convictions lawfully obtained." United States v. Holder, 936 F.2d 1, 5 (1st Cir.1991). Thus, while two district courts have held that audita querela is available for purely equitable reasons,[4] all of the circuit courts that have addressed the issue have ruled that it is not.[5]
 
 
 12
 Even those courts that have upheld the use of the writ for equitable reasons have noted that its use may be justified only in extraordinary circumstances. As the district court explained in Salgado, "it would seem a legitimate concern of the system that vacation of a longstanding judgment be a jealously guarded exception to cure the freakish case rather than a readily available remedy to cure the mundane." 692 F.Supp. at 1267; cf. Morgan, 346 U.S. at 511 ("[c]ontinuation of litigation after final judgment ... should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice").
 
 
 13
 Here, Gustave contends that the grant of audita querela is warranted because he is married to an American citizen; he has an American mother; he has been in the United States for 23 years; he has remained drug-free since May 1990; and he has, apart from his 1984 felony conviction, only been convicted of misdemeanors. Although one may sympathize with Gustave's plight, his circumstances do not appear so extraordinary as to compel the grant of this extraordinary writ. Compare Salgado, 692 F.Supp. at 1271 (alien with U.S. citizen wife, who lived as "a model resident" for almost 40 years in U.S., requesting vacation of a single minor conviction); Ghebreziabher, 701 F.Supp. at 117 (alien with four U.S. citizen children, facing deportation to Ethiopia in midst of civil war, requesting vacation of single misdemeanor conviction).
 
 
 14
 Accordingly, we need not decide whether the writ of audita querela still survives, and whether it is available for purely equitable reasons. We conclude instead that Gustave does not present sufficient equities to justify the issuance of the writ. Thus, the district court did not abuse its discretion in denying his petition.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 8 U.S.C. Sec. 1105a(c) provides in part:
 An order of deportation or of exclusion shall not be reviewed by any court if the alien has ... departed from the United States after issuance of the order.
 
 
 [2]
 Cases involving the writ of error coram nobis, also used for vacating criminal convictions, support our finding that this appeal is not moot. In Hirabayashi v. United States, 828 F.2d 591 (9th Cir.1987), we ruled that there was a sufficiently live controversy even where petitioner's convictions were over 40 years old. We emphasized that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Id. at 606 (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)); see also Holloway v. United States, 393 F.2d 731, 732 (9th Cir.1968) (coram nobis relief available "even where removal of a prior conviction will have little present effect on petitioner")
 
 
 [3]
 See Balsley v. Commonwealth, 428 S.W.2d 614 (Ky.1967); United States v. Acholonu, 717 F.Supp. 709 (D.Nev.1989); United States v. Salgado, 692 F.Supp. 1265 (E.D.Wash.1988); United States v. Ghebreziabher, 701 F.Supp. 115 (E.D.La.1988)
 
 
 [4]
 See Salgado, 692 F.Supp. at 1265; Ghebreziabher, 701 F.Supp. at 115
 
 
 [5]
 See United States v. Reyes, 945 F.2d 862, 865 (5th Cir.1991); Holder, 936 F.2d at 3; United States v. Ayala, 894 F.2d 425, 429 (D.C.Cir.1990)