460

## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Vinita Sharma

April 24, 2002

Case No. (Criminal) 88799

By Judge M. Langhorne Keith

This matter came before the Court on a Motion to Modify the Sentence of Defendant, Vinita Sharma, based on a felony conviction in the Circuit Court of Fairfax County. The motion seeks to reduce the sentence imposed on Sharma because she is not a U.S. citizen and the conviction and the sentence imposed cause her to be subject to possible sanctions, including deportation by the Immigration and Naturalization Service ("INS"). The facts are taken from the pleadings filed with the Court.

Sharma is a forty-two year old female legal permanent resident of the United States. She is a native of India, gainfully employed, and married to a U.S. citizen with two U.S. citizen children. In 1995, in the Circuit Court of Fairfax County, Sharma entered a guilty plea to one felony count of grand larceny, shoplifting. She was sentenced on October 23, 1995, to twelve months of incarceration, all suspended, and inactive probation. Sharma successfully completed her term of probation, and in September of 2000 she applied for naturalization.

In 1996, several changes to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., went into effect regarding eligibility for naturalization. As part of those changes, any person who applies for naturalization must have resided continuously in the United States for at least five years prior to filing his or her application during which time the person must have been a person of "good moral character." *See* 8 U.S.C. § 1427(a) (2001). "No person shall be regarded as . . . a person of good moral character who, during the period for which good moral

character is required to be established, is, or was one who at anytime has been convicted of an aggravated felony." *Id.* § 1101(f)(8). An aggravated felony is defined as *inter alia* "a theft offense . . . for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(G). "Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996." *Id.* § 1101(a)(43). In addition, "any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *Id.* § 1101(a)(48)(B).

Sharma's 1995 conviction falls squarely within the parameters of the 1996 changes to the INA thereby making her an aggravated felon. Consequently, in a July 2001 written decision, the INS denied her application stating that "she will never, ever be eligible for naturalization" because of her status as an aggravated felon. Moreover, Sharma's conviction makes her deportable and ineligible for return to the United States if she were to leave for any reason.

Sharma is now before the Court asking for relief from the post-conviction amendments to the INA in the form of a modification of her sentence for the 1995 felony. Sharma asks that the Court reduce her sentence by a minimal amount, i.e., a few days, so that she will no longer be classified as an aggravated felon as defined in the INA. Sharma argues that authority for this modification lies in a writ of audita querela.

Audita querela is "the name of a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." *Black's Law Dictionary* 120-21 (5th ed. 1979). As an equitable remedy in a civil proceeding, the writ has been abolished in Virginia by the modern motion to quash execution of the judgment. *See Steele v. Boyd*, 33 Va. (6 Leigh) 547 (1835).

In the criminal context there is one reference to the application for a writ of audita querela in a Virginia case.[1] In *Fajardo v. Commonwealth*, 19 Va.

---

[1] In the criminal context in federal courts, the writ of audita querela has been sought in situations analogous to the present situation, albeit with mixed results. *See, e.g., United States v. Holder*, 936 F.2d 1 (1st Cir. 1991) (affirming the denial of a petition to vacate a 1974 marijuana conviction); *United States v. Acholonu*, 717 F. Supp. 709 (D. Nev. 1989) (request for relief denied); *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988) (vacating a 24-year old drug conviction); *United States v. Ghebreziabher*, 701 F. Supp. 115 (E.D. La. 1988) (vacating one of three guilty pleas to make petitioner eligible for amnesty).

Cir. 162 (1990), the petitioner sought to remove a seven year old felony conviction from his record in order to become eligible for legal resident status under the Immigration Reform and Control Act of 1986. Judge Fortkort stated in his opinion that the writ of audita querela is available in criminal cases to prevent substantial injustice, but that the petitioner had failed to show that the writ should be used in that instance. *See id.* at 165. In denying the petition, the court noted that the conviction was less than ten years old and the petitioner had been convicted of driving while intoxicated only three years before his petition. *See id.* at 164. In addition, the underlying felony conviction was based on a guilty plea, and the court does not have the power to relieve the petitioner of the consequences of his guilty plea years later. *See id.* at 165.

For the following reasons the Court denies Sharma's motion for a modification of sentence. Sharma's felony conviction is under seven years old, and, as in *Fajardo*, the conviction is the result of a guilty plea from which the Court can grant no relief. In addition, pursuant to Virginia Code § 19.2-303, the Court (if the person has not been transferred to the Department of Corrections) has the power to modify a person's sentence "at any time before the sentence has been completely served." However, once the sentence has been completely carried out, as in this case, the Court no longer has the authority to modify the sentence.

Had the Court known at the time of sentencing that a retroactive amendment to the INA was going to create such severe consequences, an alternative sentence would undoubtedly have been imposed. The suspension of all the sentence indicates that the Court considered the offense to be a minor offense, and the applicable sentencing guidelines called for no incarceration. However, despite the harsh penalties that may face Sharma because of the enactment of immigration laws, the Court can only do what the law allows. The writ of audita querela is not appropriate in this situation. Sharma's only relief is with the Governor of the Commonwealth of Virginia. This Judge would support such relief.