## UNITED STATES *v.* POINIER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 1151.   Argued March 12, 13, 1891.— Decided May 11, 1891.

There being a dispute between the United States and Poinier respecting his charges for his services as Chief Supervisor of Elections; *Held,*

(1) That he was entitled to charge a fee for filing recommendations for appointments (entitled by him informations), but not for recording and indexing them;

(2) That he was entitled to charge for indexing appointments, but not for recording them;

(3) That he was entitled to charge for preparing instructions to supervisors;

(4) That he was entitled to charge a reasonable sum, within the discretion of the court and the treasury accounting officers, for procuring and distributing the same;

(5) That he was not entitled to a per diem charge for attendance upon the Circuit Court;

(6) That he was entitled to charge for stationery, and for printing forms and blanks.

This was an action against the United States, brought under the act of March 3, 1887, 24 Stat. 505, to recover for services performed as Chief Supervisor of Elections during the months of October and November, 1888. The petition set forth in substance that the claimant was a commissioner of the Circuit Court, and had also been appointed Chief Supervisor of Elections for the several districts of South Carolina; that he resided in Spartanburg, in the western district of South Carolina, and that his duties required his attendance before the Circuit Court in the city of Charleston; that between the 5th of October and the 14th of November, 1888, he peformed the services and incurred the expenses set forth in his petition, and in the schedule annexed thereto; that his account was duly presented to the Circuit Court and approved; that such account, amounting to $963.70, was subsequently presented to the Treasury Department, and allowed at $314.45, leaving a difference of $649.25, for which the action was brought. Upon trial in the District Court, judgment was rendered in favor of the petitioner for $641.15, 40 Fed. Rep. 139, from which the United States appealed to this court.

*Mr. John C. Chaney* for appellant. *Mr. Assistant Attorney General Cotton* was with him on the brief.

*Mr. C. C. Lancaster* for appellee. *Mr. John Wingate* was with him on the brief.

Mr. Justice Brown delivered the opinion of the court.

No question is made in regard to the actual performance of the services charged for, but the Attorney General contends that there is no warrant of law for the allowance of the following items:

1. "Recording and indexing 105 informations, $31.50." It is not altogether easy to determine what is meant by "informations," as used in this connection. The only authority for this charge, to which our attention has been directed, is contained in the clause of § 2026, which provides that the Chief Supervisor "shall receive the applications of all parties for ap-

pointment," and shall present such applications to the judge, and "furnish information to him in respect to the appointment by the court of such Supervisors of Election." It would seem from this that the "applications" were presumed to be in writing, and that the only "information" contemplated was such knowledge of the qualification and competency of the applicants as the Chief Supervisor might think fit to furnish orally to the judge. There is no paper or document contemplated by the statute which can properly be called an "information." If, as would appear from the opinion of the court below and from the brief of the petitioner, these informations were the recommendations of the agents or committees of each political party, there is clearly no necessity for recording them, though a charge for filing them as a part of the records of the office would seem to be proper under § 2031, which allows "for filing and caring for every return, report, record, document, or other paper required to be filed by him under any of the preceding provisions, ten cents." It does not, however, follow that every paper which the law authorizes to be filed must therefore be recorded or copied. To entitle a paper or document to be recorded it should have some permanent value. Where the original paper is preserved or filed, such for instance as the pleadings, exhibits, depositions or other papers in a common suit at law or equity, no necessity ordinarily exists for its being recorded. As a charge of ten cents for filing these informations was allowed by the department, the exception to this item for recording and indexing is therefore sustained.

2. "Recording and indexing appointment of 1008 supervisors," two folios each at 15 cents, $302.40. The only connection of the Chief Supervisor with the appointment of his subordinates is set forth in § 2026, which provides that he shall receive their applications, and upon the opening of the court "he shall present such applications to the judge thereof, and furnish information to him with respect to the appointment by the court of such supervisors of election." The appointments are made by the judge of the court; the order for these appointments is entered by the clerk in his journal, and the

commissions are then signed by the judge and delivered to the supervisors. It is doubtless proper that a list of these appointments shall be preserved in the office of the Chief Supervisor, and that the same shall be indexed, but there is no necessity whatever for the copying or recording such appointments for which the large charge of $302.40 is made. The charge of 15 cents per folio for indexing such appointments would seem to be proper, but the charge for recording them is unnecessary and should be disallowed as a mere effort to multiply fees.

3. For preparing instructions to supervisors, $2.40. This item is allowed upon the authority of *United States* v. *McDermott, ante,* 151.

4. The petitioner does not make a per folio charge for copies of such instructions as was done in the case of *McDermott, ante,* 151 ; but he claims for 1008 of such copies at 10 cents each. We think he is entitled to the expense of printing and distributing these instructions, and, as the court below not only formally approved his account including this charge, but upon reconsideration formally allowed it as a proper and necessary disbursement, such allowance should not be disturbed. Where the statute provides generally for the expense of printing blanks, and the court allows the account, or the officers of the department are of the opinion that the charge is a reasonable one for the expense and trouble of printing and distributing copies of such blanks, such allowance would be regarded as conclusive by this court, under our ruling in the case of *United States* v. *Jones,* 134 U. S. 483. The trouble of procuring and distributing copies of these instructions is one of those services for which no distinct compensation is made by statute, and the propriety of an allowance for the same is a matter largely within the discretion of the court and the accounting officers of the Treasury. The exception to this item is, therefore, overruled.

5. The exception by the Attorney General to the charge for per diems and mileage for attendance upon the Circuit Court at Charleston is sustained upon the authority of *United States* v. *McDermott.* The argument that, while the statute

makes no provision for paying the Chief Supervisor for his attendance upon court, he is entitled as a commissioner to the same fees as a clerk for the performance of like services, that the clerk is entitled to a per diem, and, therefore, the commissioner should be, is somewhat strained, in view of the fact that he does not attend as commissioner, and that no allowance is ever made to a commissioner for attendance except when hearing and deciding criminal cases himself. If no allowance be made by statute to commissioners or to chief supervisors for attendance or mileage it is difficult to see upon what theory the petitioner is entitled to it.

6. Certain items for stationery allowed by the court below are objected to by the Attorney General, but are properly allowable under that clause of section 2026 which requires the Chief Supervisor to prepare and furnish all necessary books, forms, blanks and instructions for the use and direction of supervisors. What shall be deemed necessary forms and blanks must be left to a certain extent to the court passing upon the question, and we should not feel authorized to disturb such allowance unless its discretion were abused. As the petitioner made no charge for drawing these instructions to supervisors, to which he would have been entitled under our ruling in *United States* v. *McDermott*, he is at least entitled to the expense of printing them.

> *The judgment of the court below must be vacated and set aside, and a new judgment entered in conformity with this opinion.*