UNITED STATES of America, Plaintiff,

v.

Clem A. BOHR and Robert J. Joling, Defendants.

No. 64–CR–99.

United States District Court, E. D. Wisconsin.

Feb. 11, 1976.

William J. Mulligan, U.S. Atty., Milwaukee, Wis., for plaintiff.

Irving D. Gaines, Milwaukee, Wis., for defendant Joling.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

A motion has been brought by defendant Robert J. Joling for an order directing the expunging from the records of this court all reference contained in a Grand Jury indictment issued August 4, 1964, by a Federal Grand Jury in the Eastern District of Wisconsin which named Joling, among others, as a defendant. Joling has further moved this court for an order expunging the records of arrest and for an order directing all law enforcement agencies, including the

United States Attorney, the Justice Department, and federal investigative agencies to remove from their files all notations or references to the arrest in this proceeding. The United States Attorney for the Eastern District of Wisconsin does not oppose such an order. The Court, on its own motion, has requested briefs from counsel discussing the legal authority for granting the requested remedy. For the reasons set forth below, the motion must be granted and Joling's record of indictment and arrest expunged.

On August 4, 1964, defendant Joling, an attorney and member of the State Bar of Wisconsin, was indicted by a Federal Grand Jury for violating 18 U.S.C. § 1341 (use of the mails with intent to defraud). On the same day a warrant was issued for his arrest, requiring Joling to appear and answer to the indictment. Joling appeared and entered a plea of not guilty. He subsequently brought a motion to quash the indictment. On October 20, 1964, the Assistant United States Attorney in charge of the prosecution submitted a letter to the court indicting that the United States Attorney's office did not desire to contest Joling's motion to quash, but that the prosecution was not to be permanently abandoned. On November 4, 1964, the United States District Court for the Eastern District of Wisconsin, the Honorable Robert E. Tehan, District Judge, ordered the indictment against Joling dismissed. No other proceeding of any nature has since been instituted against the defendant.

In 1971, Joling moved to Arizona. He has expressed the desire to make application for taking the Arizona Bar examination and to apply for certain Civil Service positions with the federal government. Defendant Joling believes that his indictment and arrest, required to be disclosed on applications for such positions, would unjustly hinder him in present and future activities. This motion to expunge all references to the indictment and arrest followed.

I am satisfied that this court has the authority to order the expunging of records in appropriate cases. In the absence of a specific denial of power, this court may fully effectuate its jurisdiction and do complete justice in the cases before it. *Morrow v. District of Columbia*, 135 U.S.App.D.C. 160, 417 F.2d 728, 737–738. Cf., 28 U.S.C. § 1651 (All Writs Statute). This plenary power undoubtedly includes the authority to order expunction of criminal records where circumstances demand such action. *Menard v. Mitchell*, 139 U.S.App.D.C. 113, 430 F.2d 486 (1970); *Kowall v. United States*, 53 F.R.D. 211, 213 (W.D.Mich. 1971) (expunction ordered in connection with granting relief under 28 U.S.C. § 2255); *United States v. Kalish*, 271 F.Supp. 968 (D.P.R.1967). The exercise of the power, however, is discretionary with the court, with the decision to expunge resting on the facts and circumstances of each case. *United States v. Seasholtz*, 376 F.Supp. 1288 (N.D.Okla. 1974). " * * * [T]he Federal Courts do not expunge arrest records in a normal case." *United States v. Dooley*, 364 F.Supp. 75, 78 (E.D.Pa.1973). Expunction has generally been ordered where the arrest was without probable cause, *Menard v. Mitchell*, supra, for harassment, or where there are extraordinary circumstances such as mass arrest. See, e. g., *Wheeler v. Goodman*, 306 F.Supp. 58, 65–66 (W.D.N.C.1969).

On the facts of the present case, defendant Joling is entitled to the relief he seeks. This case is distinguishable from *United States v. Seasholtz*, supra, where trial by jury had been commenced, and *United States v. Dooley*, supra, where the accused was acquitted by a jury, since Joling's case never reached the trial stage. Without subsequent proceedings, expunction of the indictment and arrest records would be a simple and brief matter. More importantly, the United States Attorney apparently agrees with defendant Joling that the Government's interest in law enforcement does not justify retention of these records, for the motion to expunge is not opposed.

It is the law, however, that "[i]n each case, *the court* must weigh the reasons

advanced for and against expunging arrest records." (Emphasis added.) *Kowall v. United States,* supra, at 214. Joling has set forth unusual circumstances which make his motion for expunction appealing. He is an attorney and wishes to be admitted to the Arizona Bar. Although a prior arrest could not be used to keep Joling from being admitted to the Arizona Bar, *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), it could be a source of embarrassment or misunderstanding to his professional detriment. The potential that improper inferences will be drawn from arrest records is significant. See, *Morrow v. District of Columbia,* supra, at 742; *Menard v. Mitchell,* supra, at 491. Since an attorney's reputation is of the utmost importance in the practice of law, this is a particularly sympathetic case for relief. The incidents in question here are more than eleven years old, and no occurrence in the interim suggests that the defendant has ever been involved with the commission of any crime. Nothing suggests that these records are needed in the interest of law enforcement. Under the circumstances of this case, the preservation of Joling's indictment and arrest records constitute an unwarranted slur on his reputation and character. See, *United States v. Kalish,* supra, at 970. For the reasons given above, the motion to expunge defendant Joling's records must be and hereby is granted.

It is therefore ordered that all records on file in this court containing any and all references to a Grand Jury indictment issued August 4, 1964, by a Federal Grand Jury, in the United States District Court for the Eastern District of Wisconsin, as those records pertain to Robert J. Joling, and which further make reference to the issuance of an arrest warrant on August 4, 1964, for the arrest of the defendant Robert J. Joling by the United States District Court for the Eastern District of Wisconsin be and the same hereby are expunged from the said records. The Clerk of the United States District Court for the Eastern District of Wisconsin is ordered to implement this order forthwith by removing from the court records and files all references to such indictment or arrest.

It is further ordered that upon the submission of a written letter or request signed by the defendant Robert J. Joling, addressed to the United States Attorney for the Eastern District of Wisconsin, requesting the postal inspectors to process a request to the Federal Bureau of Investigation that they remove from their fingerprint files and records of Robert J. Joling any reference to the said Grand Jury indictment issued August 4, 1964, by the Federal Grand Jury in the Eastern District of Wisconsin, as well as to the arrest warrant issued on August 4, 1964, by the Clerk of the United States District Court for that district, the United States Attorney shall forward said request to the postal inspectors who shall process said request to the Federal Bureau of Investigation to cause the removal of any and all reference appearing upon said fingerprint records of the said Robert J. Joling to said indictment and arrest as referred to above.