

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2001

# United States v. Dunegan

Precedential or Non-Precedential:

Docket 00-4317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"United States v. Dunegan" (2001). *2001 Decisions.* Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 25, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-4317

UNITED STATES OF AMERICA,

v.

DENNIS DUNEGAN,
        Appellant

On Appeal From the United States District Court
for the Western District of Pennsylvania
D.C. No. 72-cr-00315
District Judge: Honorable Gary L. Lancaster

Argued: May 2, 2001

Before: MANSMANN, NYGAARD and ROSENN,
Circuit Judges.

(Filed: May 25, 2001)

        Ronald P. Koerner (Argued)
        Gatz, Cohen, Segal & Koerner
        400 Law & Finance Building
        Pittsburgh, PA 15219
         Counsel for Appellant

        Bonnie R. Schlueter (Argued)
        Office of United States Attorney
        633 United States Post Office &
         Courthouse
        Pittsburgh, PA 15219
         Counsel for Appellee

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal from an order of the District Court denying a petition to expunge a long-standing criminal r ecord presents a question of first impression in this Court pertaining to subject matter jurisdiction. The appellant, Dennis Dunegan, filed his petition in the United States District Court for the Western District of Pennsylvania on December 14, 2000, to expunge the recor d of criminal proceedings pertaining to him in that court in 1971-1972. The District Court denied Dunegan's petition on the merits, stating that Dunegan had failed to allege any extraordinary circumstances justifying expungement under the equitable powers of the court.1 Dunegan appealed. We will vacate the order of the District Court and remand for dismissal for want of jurisdiction.

I.

On November 9, 1972, Dennis Dunegan, then a police officer, was indicted in the United States District Court for the Western District of Pennsylvania for allegedly violating a suspect's civil rights. The charges ar ose out of an accidental shooting that took place on February 7, 1971. Dunegan was tried and acquitted by a criminal jury. Today, he is 56 years old, retired from the Penn Hills Police Department, and employed as an independent truck driver. Dunegan predicates his petition for relief on the inherent powers of the court. He cites no applicable federal statute providing for the expungement of criminal r ecords in the federal judicial system. The inherent powers of the federal courts are limited and difficult to define with precision. Therefore, "they must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). This Court has identified three basic uses of inherent power. See Eash v. Riggins Trucking, Inc., 757 F.2d

_____

1. Dunegan's petition was filed in the same court and under the same docket number as his original criminal prosecution in 1972.

2

557, 562–64 (3d Cir. 1985). First is the"irreducible inherent authority" grounded in separation of powers doctrine, "involving activity fundamental to the essence of a court" without which the courts would cease to fulfill the function for which the Constitution established them. Id. at 562. The exact limits on this form of the inherent powers are nebulous, but it is clear that they do not entail the power to assert jurisdiction over petitions for expungement.

The second and most common use of the inherent powers encompasses those powers necessary for the courts to adjudicate cases in an orderly and efficacious manner. See id. at 562–63. The contempt power is "the most prominent" of these powers, and has been described as essential to the administration of justice and the effective functioning of the judiciary. Id. (citations omitted). Jurisdiction over expungement petitions is not embraced by this for m of the court's inherent powers.

Finally, courts have the authority under their inher ent power to employ instruments and persons unconnected with the court, such as experts and auditors, to aid them in their decision making. See id. at 563. Clearly, this power does not provide courts with jurisdiction independently to consider petitions for expungement.

II.

Having ruled out the inherent powers of the court as a basis for jurisdiction over Dunegan's petition, we now turn to the doctrine of "ancillary jurisdiction," which has been held, under some circumstances, to supply jurisdiction over expungement petitions. See, e.g., United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000); United States v. Schnitzer, 567 F.2d 536, 538 (2d. Cir . 1977). A federal court invokes ancillary jurisdiction as an incident to a matter where it has acquired jurisdiction of a case in its entirety and, as an incident to the disposition of the primary matter properly before it. It may resolve other related matters which it could not consider were they independently presented. See Wright – Miller– Cooper, Fed. Practices & Procedures; Jurisdiction 2d S 3523. Thus, ancillary jurisdiction permits a court to only dispose of matters

3

related to the original case before it. See also Sumner, 226 F.3d at 1013. The doctrine of ancillary jurisdiction does not give district courts the authority to reopen a closed case whenever a related matter subsequently arises. The Supreme Court in recent years has held that ancillary jurisdiction is much more limited.

In Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994), the Supreme Court reiterated that federal courts are courts of limited jurisdiction. It instructed that"[T]hey possess only that power authorized by the Constitution and statutes, which is not to be expanded by judicial decree." (citation omitted). In Kokkonen, the parties had arrived at a court approved settlement agreement and the District Court dismissed the case. The Supreme Court held that the District Court lacked subject matter jurisdiction subsequently to grant a motion to enforce the settlement agreement. Because the Order of Dismissal did not reserve jurisdiction in the District Court to enforce it, the Supreme Court held that the doctrine of ancillary jurisdiction did not apply.

In analyzing the decisional law on the doctrine of ancillary jurisdiction in Kokkonen, Justice Scalia, writing for a unanimous Court, concluded that federal courts have asserted ancillary jurisdiction for two separate, though sometimes related, purposes: "(1) to per mit disposition by a single court of claims that are, in varying r espects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its pr oceedings, vindicate its authority, and effectuate its decrees." Id. at 380. We do not believe that these purposes contemplate a petition for the expungement of a criminal r ecord.

In United States v. Noonan, 906 F.2d 952 (3d Cir. 1990), this Court reversed the District Court's expungement of court records based on a Presidential pardon. The petitioner had been convicted of violating the Military Service Act. The District Court was called on solely to determine a question of law: whether the Pr esidential pardon entitled the petitioner to the expunction of the record of his conviction. The question of the jurisdiction of the court to entertain such a petition in the absence of a challenge to the legality of the conviction or arr est was

4

never raised. Today, this Circuit considers and decides that question for the first time.

In United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000), the Court of Appeals also faced a motion to expunge a criminal record created mor e than a quarter of a century before. The petitioner contended, inter alia, that the District Court had jurisdiction under its "inherent powers under equitable principles" to grant the motion. Citing Kokkonen, and In re Hunter, 66 F.3d 1002 (9th Cir. 1995), the United States Court of Appeals for the Ninth Circuit disagreed, stating that there must be some statutory or Constitutional basis for its jurisdiction to hear the independent action before it. Id. at 1010.

As in this case, Sumner did not seek expungement under any statute, Rule of Court or under the Constitution. He too filed a motion in the District Court under the case number assigned to his original offense. In a careful analysis of the law, the Court of Appeals noted that a district court has the "inherent jurisdiction" within the time allowed for appeal to modify its judgment for err or of fact or law or even to revoke a judgment. The court also looked at Fed. R. App. P.4(b) and observed that the expiration of the time to file an appeal under that Rule "is a jurisdictional limitation upon the power of the District Court after a judgment of conviction has been entered." Id. at 1013. Concluding that ancillary jurisdiction of the court is limited to a determination of matters incidental to the exercise of its primary jurisdiction over a cause under r eview, it concluded that expungement of a criminal recor d "solely on equitable grounds, such as to rewar d a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of these goals." Id. at 1014. In its view, a district court's ancillary jurisdiction "is limited to expunging the record of an unlawful arr est or conviction, or to correcting a clerical error." Id.

We need not consider at this time whether a r ecord may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal pr oceedings or on the basis of an unlawful arrest or conviction. Dunegan has not raised any of these concerns; he has not alleged any unlawful arrest or other legal infirmity.

5

Thus, we hold that in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal.

III.

Accordingly, we conclude that the District Court lacked subject matter jurisdiction to entertain the petition. The order of the District Court will be vacated and the case remanded to the District Court with dir ection to dismiss the petition for want of jurisdiction.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit