**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rose SANTOLALLA, Defendant–Appellant.**

**No. 01–50304.**

**D.C. No. CR 90–00803–JNK.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

---

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Rose Santolalla appeals the district court's denial of her motion for expungement of her criminal record. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Santolalla moved the district court to invoke its inherent powers under equitable principles to expunge her criminal record which it declined to do on the ground that it lacked subject matter jurisdiction. We review de novo the question of whether the district court possessed jurisdiction to grant Santolalla's motion, *see Hexom v. Or. Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir.1999), and we affirm.

A district court does not possess the inherent authority under equitable principles to expunge valid criminal records in the absence of some statutory or constitutional basis for its jurisdiction. *See United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir.2000); *see also United States v. Dunegan*, 251 F.3d 477, 479–80 (3d Cir.2001). Here, there is neither a statutory nor constitutional grant of jurisdiction to expunge Santolalla's ten-year old criminal conviction. Moreover, Santolalla does not attack the validity of her conviction or the accuracy of the record. *See Sumner*, 226 F.3d at 1014. Instead, she only claims that the conviction, if not expunged, would have dire consequences to her immigration status. That is not enough.

**AFFIRMED.**

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.