

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# USA v. Rowlands

Precedential or Non-Precedential: Precedential

Docket No. 05-3425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rowlands" (2006). *2006 Decisions.* Paper 797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD
CIRCUIT

———

No. 05-3425

———

UNITED STATES OF AMERICA

v.

DAVID C. ROWLANDS,
 Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 81-cr-00245)
District Judge: Hon. John C. Lifland

———

Argued April 21, 2006

Before: SLOVITER and AMBRO, Circuit Judges, and
DuBOIS[*], District Judge

(Filed June 9, 2006)

———

Lawrence S. Lustberg
Fruqan Mouzon      (Argued)
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
Newark, New Jersey 07102

        Attorneys for Appellant

———

        [*]  Hon. Jan E. DuBois, Senior Judge, United States District
Court for the Eastern District of Pennsylvania.

Christopher J. Christie
    United States Attorney
George S. Leone
    Chief, Appeals Division
David B. Lat
Mark E. Coyne    (Argued)
    Assistant United States Attorneys
Newark, New Jersey 07102-2535

    Attorneys for Appellee


OPINION OF THE COURT


SLOVITER, Circuit Judge.

This case presents the question of whether federal courts have the power to authorize expungement of a criminal record where the legality of the underlying criminal conviction is not being challenged. The District Court denied the application of Appellant David C. Rowlands for expungement of his 1982 conviction of several white collar crimes. On appeal, Rowlands contends that the District Court erred in holding that it lacked jurisdiction over his petition for expungement either pursuant to its inherent power to order equitable relief or pursuant to the All Writs Act.

**I.**

David Rowlands was a public official and employee of the town of Kearny, New Jersey. He served, at various times, as a Councilman and Mayor of Kearny. Unbeknownst to Rowlands, another Kearny public official solicited a bribe of $12,000 in cash from Richard Mace, the owner of a furniture store. In exchange for the bribe, Richard Mace was promised approval of his plans to build additional showrooms. Rowlands received $6,000 in cash, and the remainder of the bribe was kept by another public official.

Rowlands was subsequently indicted and, following a jury trial, he was convicted of conspiring to obstruct and delay interstate commerce in violation of 18 U.S.C. § 1951, knowingly attempting to obstruct and delay interstate commerce by extortion, in violation of 18 U.S.C. § 1951-52, and knowingly attempting to influence and obstruct a federal grand jury investigation, in violation of 18 U.S.C. § 1503. Rowlands was sentenced to eight years in prison. In explaining this sentence, the District Court stated: "I was morally certain that the way they were operating in that community on that one transaction indicated to me that they were in business and that there was a lot more to Messrs. Rowlands and Grimes than the $6,000 they each took from Mr. Mace." App. at 31-32. Nonetheless, after Rowlands had served only ten months, the District Court reduced Rowlands's sentence to time served. Two Assistant United States Attorneys who had prosecuted Rowlands on behalf of the Government urged reduction of Rowlands's sentence because of his significant post-sentencing cooperation in the Government's investigation and prosecution of others. At the sentence reduction hearing, the District Court noted, "I am satisfied, morally and beyond any shadow of a doubt that these two men have fully cooperated and have done everything they could do to be honest, truthful and helpful, and to make amends." App. at 33. While a co-defendant's defense lawyer was present at the hearing, Rowlands's defense lawyer was not.

Since Rowlands's release from prison in 1983, he has been gainfully employed in the retail automobile industry as a salesman and manager. In 1990, he sought reinstatement of his teaching certificate, which had been revoked pursuant to New Jersey law, because of his conviction. See generally N.J.S.A. 18A:6-38. Two Assistant United States Attorneys who prosecuted Rowlands on behalf of the Government wrote letters on Rowlands's behalf. One wrote to the New Jersey State Board of Examiners and urged the Board to "exercise lenity" and reinstate Rowlands's teaching certificate. The other sent a letter that stated, "While there is no question that Mr. Rowlands was properly convicted of serious crimes, there is also no question that he has been punished for those crimes and that he has done all within his power to make restitution. . . . It is my personal

hope that David Rowlands' past criminal activity will not be a permanent impediment to meaningful and rewarding employment and community service in the future." App. at 36. In 2005, the State Board of Examiners declined to reinstate Rowlands's teaching certificate or to recertify him.

Rowlands then turned to the courts. In January 2005, Rowlands petitioned the United States District Court for the District of New Jersey for an expungement of his criminal record. Rowlands contended that the District Court had jurisdiction over his petition pursuant to its inherent equitable power and pursuant to the All Writs Act, 28 U.S.C. § 1651. The District Court dismissed the petition, concluding that neither its inherent equitable powers nor the All Writs Act provided it with jurisdiction over Rowlands's petition. On July 8, 2005, Rowlands timely filed his notice of appeal with this court.

On this appeal, Rowlands explains that he seeks expungement of his record in order to gain re-certification as a teacher. He contends that because his defense attorney was not present at his reduction of sentence hearing, the issue of whether his conviction should serve as a permanent forfeiture of his New Jersey teaching license was never raised.

This court has twice previously considered the question of whether federal courts have the power to authorize expungement of a criminal record. See United States v. Noonan, 906 F.2d 952 (3d Cir. 1990); United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001). Rowlands contends that these decisions are "contradictory." Appellant's Br. at 9. We revisit the issue now to clarify our jurisprudence.

**II.**

A defendant who moves to expunge his or her conviction does not seek to vacate or set aside the conviction. Rather, s/he seeks "[t]he judicial editing of history." Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972) (per curiam). Although different states may define "expungement" differently, "in general when a defendant moves to expunge records, she asks

4

that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004).

Rowlands contends that this court's jurisprudence regarding expungement is inconsistent. He notes that in United States v. Noonan, we stated, "Clearly, a federal court has the inherent power to expunge an arrest and conviction record." 906 F.2d 952, 956 (3d Cir. 1990). However, eleven years later, in United States v. Dunegan, "we h[e]ld that in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." 251 F.3d 477, 480 (3d Cir. 2001). According to Rowlands, "The Dunegan panel's conclusion was in direct contradiction to the earlier Noonan decision." Appellant's Br. at 19. We find this argument unconvincing. A close reading of Noonan and Dunegan demonstrates that the two opinions are not in conflict.

In his case, Noonan sought expungement of his conviction of violation of the Military Selective Service Act. Noonan's argument that his record should be expunged was predicated on the premise that "a Presidential pardon has the force of wiping out guilt." Noonan, 906 F.2d at 958. Therefore, he contended the presidential pardon, restoring to him "full political [and] civil rights" as well as "other rights" constituted the legal authority for expunging his criminal conviction." Id. at 955 (alteration in original) (internal quotation marks omitted). We rejected the argument that "the President has the ability, through the pardon power vested under Article II, § 2, to tamper with judicial records." Id. at 956. We stated that such an idea "flies in the face of the separation of powers doctrine." Id. After noting that in inquiring into the effect of a pardon on a valid conviction record we were writing on a clean slate, we stated: "The collective experience of our judiciary reflected by reported cases, however, discloses that expunction of criminal court records is an extraordinary remedy. Clearly, a federal court has the inherent power to expunge an arrest and conviction record." Id. Rowlands relies on the latter sentence as the basis

5

for his claim that we have jurisdiction.  Significantly, in <u>Noonan</u> we ultimately held that a presidential pardon did not entitle Noonan to expungement of his criminal record.

Rowlands is mistaken in his contention that <u>Noonan</u> holds that this court has jurisdiction over any and all petitions for expungement.  Our holding in <u>Noonan</u> was not nearly that broad.  We held only that we have jurisdiction over petitions for expungement in certain narrow circumstances – namely, where the "predicate for the expunction is a challenge to the validity of either the arrest or conviction."  <u>Id.</u> at 957.  We noted that the instances in which courts had previously granted expungement were those "in which a court invoked its inherent power to remedy an acquittal, an unconstitutional conviction or an abuse of power."  <u>Id.</u>  We noted that we found no cases in which expungement had "been ordered (1) where the circumstances of conviction have not been challenged, or (2) on the basis of a pardon following an unchallenged or otherwise valid conviction."  <u>Id.</u>  In cases where expungement was warranted, we applied "a balancing test in which the harm to the individual caused by the existence of the records is weighed against the governmental interest in maintenance of the records."  <u>Id.</u>  Because we found Noonan's argument that his pardon "blot[ted] out of existence [his] guilt" unconvincing, we declined to apply the balancing test to his case.  <u>Id.</u> at 955 (internal quotation marks omitted).

The cases upon which <u>Noonan</u> relied support our conclusion here that we have jurisdiction over petitions for expungement in narrow circumstances: where the validity of the underlying criminal proceeding is challenged.  In <u>United States v. Friesen</u>, the court stated that only "unusually compelling circumstances . . . justify the exercise of the trial court's 'narrow' power to order expunction."  853 F.2d 816, 818 (10th Cir. 1988).  Because the trial court had granted a petition for expungement without a finding of unusual circumstances, the Court of Appeals for the Tenth Circuit reversed the grant.  Similarly, in <u>United States v. McMains</u>, the court stated, "It is established that the federal courts have inherent power to expunge criminal records when necessary to preserve basic legal

6

rights. The power is a narrow one, usually exercised in cases of illegal prosecution or acquittals and is not to be routinely used." 540 F.2d 387, 389-90 (8th Cir. 1978) (citations omitted). Nearly all of the cases the McMains court cited in support of its conclusion that district courts have jurisdiction over petitions for expungement challenged the legality of the underlying criminal proceeding.[1]

Our narrow holding in Noonan does not conflict with our holding in Dunegan as Rowlands vigorously argues. In Dunegan, we addressed the question of whether this court had "jurisdiction . . . to entertain . . . a petition [for expunction] in the absence of a challenge to the legality of the conviction or arrest." 251 F.3d at 479 (emphasis added). Dunegan was a police officer who had been indicted for violating a suspect's civil rights. He was subsequently tried and acquitted. Dunegan did not contend that his indictment was invalid or legally infirm for any other reason. The Dunegan court expressly did not "consider . . . whether a record may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or conviction." Id. at 480. It is evident, therefore, that our holding in Noonan – that we have jurisdiction to consider expungement where the underlying criminal proceeding is being challenged – does not contradict

---

[1] See Menard v. Saxbe, 498 F.2d 1017 (D.C. Cir. 1974) (holding that expungement of arrest record from FBI files appropriate where law enforcement officers lacked probable cause to arrest defendant); Sullivan v. Murphy, 478 F.2d 938 (D.C. Cir. 1973), cert. denied, 414 U.S. 880 (1974) (finding expungement of records of mass arrests appropriate where established procedures broke down so that there was no showing of probable cause); United States v. McLeod, 385 F.2d 734 (5th Cir. 1967) (finding expungement of criminal records appropriate when arrests were made for purpose of interfering with right to vote). The one exception is Chastain v. Kelley, 510 F.2d 1232 (D.C. Cir. 1975). In that case, the petitioner, an FBI agent, sought expungement of the administrative record regarding his dismissal after the FBI reversed its decision to dismiss him.

<u>Dunegan</u>.

Notwithstanding our holdings in <u>Noonan</u> and <u>Dunegan</u>, Rowlands urges this court to follow, inter alia, <u>United States v. Johnson</u>, 714 F. Supp. 522 (S.D. Fla. 1989), and <u>United States v. Doe</u>, 935 F. Supp. 478 (S.D.N.Y. 1996). In <u>Johnson</u>, the court granted a petition for expungement because Johnson was acquitted and retention of his criminal records would result in the denial of future jobs. In <u>Doe</u>, the court granted a petition for expungement in similar circumstances. These cases are unconvincing. They are not from this Circuit, and our precedent clearly establishes that we have jurisdiction over petitions for expungement only when the validity of the underlying criminal proceeding is challenged. Because Rowlands has not attacked the validity of the underlying conviction, we reject his contention that we have inherent jurisdiction over his petition for expungement.

**III.**

Rowlands's alternative contention that the All Writs Act, 28 U.S.C. § 1651, grants federal district courts the legal authority to expunge the record of a legal and valid criminal conviction is also unavailing. The All Writs Act, in pertinent part, provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[A] court of appeals has the power, under the 'all writs' act, to issue a writ . . . 'where it may be necessary for the exercise of a jurisdiction already existing.'" <u>United States v. Brooks</u>, 230 F.3d 643, 646 n.3 (3d Cir. 2000) (citing <u>Whitney v. Dick</u>, 202 U.S. 132, 136-37 (1906)); <u>see also</u> <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 33 (2002). We concluded above that we do not have jurisdiction over Rowlands's petition. The All Writs Act does nothing to alter our conclusion.

Rowlands unconvincingly argues that other courts have found authority to grant petitions for expungement pursuant to the All Writs Act. He cites to <u>United States v. Javanmard</u>, 767

8

F. Supp. 1109 (D. Kan. 1991), and United States v. Bohr, 406 F. Supp. 1218 (E.D. Wisc. 1976), in support of this contention. In Javanmard, the court granted a petition for expungement of a criminal conviction pursuant to a guilty plea because the record of the conviction would preclude the petitioner from availing himself of the amnesty provisions of the Immigration Reform and Control Act. The court found that it had jurisdiction over the petition for expungement and invoked the All Writs Act in aid of that jurisdiction. In Bohr, the court granted a petition for expungement where the petitioner was a lawyer whose legal practice was severely hindered by the record of his conviction.[2]

Neither of these cases provides any support for Rowlands's contention. First, we have concluded we lack jurisdiction over his petition. Second, both Javanmard and Bohr have been superseded by appellate authority from the applicable courts of appeals. In United States v. Pinto, 1 F.3d 1069 (10th Cir. 1993), the Court of Appeals for the Tenth Circuit (which includes the District of Kansas) held that it lacked authority to expunge the petitioner's conviction for filing false tax returns. The petitioner did not challenge the validity of her conviction but contended that the record of the conviction impeded her from finding employment. The court held that the trial court "was without power to grant this petition." Id. at 1070. It also rejected the All Writs Act as a source of jurisdiction over Pinto's petition: "While we agree that the All Writs Act plays a part in enabling the court to issue the writs . . . necessary to accomplish an actual expungement, we believe that the authority to consider the issue in the first place is not contained in that Act." Id. at 1070 n.1. Pinto clearly rejects the reasoning in Javanmard.

Similarly, in United States v. Flowers, 389 F.3d 737 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit (which includes the District of Wisconsin) held that expungement is not available to remedy "adverse consequences which attend every

---

[2] The relevance of the All Writs Act to the holding in Bohr is unclear. The court cites the Act in passing without any discussion.

9

arrest and conviction. Those are unfortunate but generally not considered *unwarranted* adverse consequences. It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment." Id. at 739 (emphasis in original). As an example of "*unwarranted* adverse consequences," the court cited to McLeod, in which the Court of Appeals for the Fifth Circuit ordered expungement of records of arrests made in order to harass. See United States v. McLeod, 385 F.2d 734 (5th Cir. 1967). Under Flowers, the analysis in Bohr is incorrect. A defendant's difficulty in finding or retaining employment is a common consequence of conviction and does not constitute grounds for expungement.

Because we agree that there is no jurisdiction over Rowlands's petition for expungement, we will affirm the District Court's dismissal.