

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2008

# USA v. Boniella

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3948

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Boniella" (2008). *2008 Decisions.* Paper 342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-295                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3948
_____

UNITED STATES OF AMERICA

v.

DAVID ALBERT BONIELLA,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 95-CR-00142)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 18, 2008

Before: AMBRO, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: October 21, 2008)
_____

OPINION
_____

PER CURIAM

    David Albert Boniella appeals from an order of the United States District Court for

the Western District of Pennsylvania, which denied his "Petition for Sealing of

Conviction by Court Discretion." In his petition, Boniella sought "sealing" of his criminal conviction, noting that the matter had been "satisfied in 1999" and that the conviction made it "almost impossible to secure substantial and stable employment for life." The District Court denied the petition, and Boniella timely appealed.

In his notice of appeal and argument regarding possible summary action, Boniella asks that we remand the action to the District Court and order it to seal his conviction, or that we take action to either seal the conviction or set aside his conviction and restore his civil rights.

We have jurisdiction to consider an appeal from the final order of the District Court. 28 U.S.C. § 1291. However, neither this Court nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest. United States v. Rowlands, 451 F.3d 173, 178 (3d Cir.), cert. denied, 127 S. Ct. 598 (2006).[1] We do not have jurisdiction to consider an expungement on the basis that a defendant is having difficulty in finding or retaining employment. Id.

We therefore will affirm the District Court's order.

---

[1] Although Boniella uses the term "seal," he essentially seeks expungement. "Although different states may define expungement' differently, 'in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself.'" Rowlands, 451 F.3d at 176 (quoting United States v. Crowell, 374 F.3d 790, 792 (9th Cir.2004)).