NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3551
_____

JAMES ROBERT CARTER,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Miscellaneous No. 10-mc-00110
(Honorable J. Curtis Joyner)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2011
Before:  SCIRICA, AMBRO and VANASKIE, *Circuit Judges*.

(Filed : June 14, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

I

In March 1974, James Robert Carter was "arrested or received"[1] by the Federal

Bureau of Investigation on suspicion of bank robbery.  He was fingerprinted and

_____

[1] The record before us contains an "FBI Identification Record" with an entry stating
Carter was "arrested or received 1974/03/01" by the "FBI Philadelphia" as a "BR

photographed, but never indicted.  The FBI has since maintained an arrest record for Carter.  Carter recently applied for a volunteer position tutoring teenagers and young men.  A criminal record check revealed his FBI arrest, which he contends prevented him from obtaining the position.  In 2010, Carter filed a petition in United States District Court for the Eastern District of Pennsylvania to expunge the arrest record.  The District Court denied the petition for lack of jurisdiction.  We will affirm.[2]

## II

Carter contends the District Court has authority to order the expungement of his arrest record under the All Writs Act, 28 U.S.C. § 1651, and under the inherent power of the court.  He argues our precedent grants jurisdiction to expunge FBI records when the underlying criminal proceeding is challenged as illegal, and he alleges that his encounter with the FBI was illegal because it was an arrest without probable cause.

The federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).

---

Suspect."  Carter's petition for expungement contends he was "detained."  As we lack jurisdiction over the petition regardless of whether Carter's encounter with the FBI was voluntary or amounted to a seizure, we need not speculate on the meaning of the entry.
[2] We have jurisdiction over this appeal under 28 U.S.C. § 1291.  We exercise plenary review over a question of jurisdiction.  *United States v. Pelullo*, 178 F.3d 196, 200 (3d Cir. 1999).

2

The All Writs Act does not provide jurisdiction over Carter's petition. The Act allows the issuance of writs "necessary or appropriate in aid of" our jurisdiction. 28 U.S.C. § 1651. It does not by itself grant subject matter jurisdiction. *See United States v. Denedo*, --- U.S. ----. 129 S. Ct. 2213, 2221 (2009) ("As the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy.").

Congress has not granted the judiciary the authority to order the expungement of executive records. *See United States v. Lucido,* 612 F.3d 871, 875 (6th Cir. 2010) ("Lucido's request [to expunge records held by the FBI], if granted, would amount to an extraordinary inter-branch incursion, one that should not lightly be effectuated through the federal courts' unexceptional right to oversee their own criminal cases."). Conversely, Congress has ordered the Attorney General to "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records." 28 U.S.C. § 534(a). Carter has not directed us to any statute that would provide the federal courts jurisdiction in this case to order expungement of this congressionally directed, executive branch recordkeeping.

Carter also contends the federal courts have an inherent jurisdiction over petitions for expungement. He relies on precedent addressing petitions to expunge judicial records. *See United States v. Rowlands*, 451 F.3d 173 (3d Cir. 2006); *United States v. Dunegan*, 251 F.3d 477 (3d Cir. 2001); *United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990). Our jurisdiction over such petitions for expungement involves "the validity of the underlying criminal proceeding[s]" that were already within the court's jurisdiction.

3

*Rowlands*, 451 F.3d at 178.  As judicial proceedings against Carter were never initiated, there is no prior act or proceeding over which we might have retained inherent jurisdiction.  Furthermore, Carter petitioned the court to expunge executive (FBI) records, not judicial records.

As neither the All Writs Act nor inherent jurisdiction confers subject matter jurisdiction over Carter's petition, the District Court correctly determined it lacked jurisdiction.

III

For the foregoing reasons, we will affirm the denial of appellant's expungement petition for lack of jurisdiction.