[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12591
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00316-KD-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ADALIKWU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 12, 2018)

Before MARCUS, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Christopher Adalikwu appeals from the district court's dismissal of a motion

he filed to expunge his criminal record.  The appeal stems from a 2008 guilty plea,

in which Adalikwu pled guilty to one count in an indictment that had charged him

with knowingly transferring, possessing, and using without lawful authority the means of identification of another, in violation of 18 U.S.C. § 1028A(a)(1).  While Adalikwu was appealing his conviction and sentence, the Supreme Court decided Flores-Figueroa v. United States, 556 U.S. 646 (2009), holding that § 1028A(a)(1) required the government to prove that a defendant knew the means of identification at issue belonged to another person.  It was not enough simply to show the defendant knew the identification was not his own.  Id. at 657.  In light of Flores-Figueroa, the parties jointly moved us to vacate Adalikwu's conviction and sentence.  We granted the motion, and the district court subsequently released Adalikwu from custody.

In 2018, Adalikwu filed the instant motion to expunge his record.  The district court concluded that it lacked subject-matter jurisdiction to expunge a criminal record based on the equitable grounds Adalikwu had alleged.  Adalikwu argues on appeal that the district court erred because it was empowered to exercise ancillary jurisdiction and grant him relief, pursuant to Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994).  After thorough review, we affirm.

We review questions about a district court's subject matter jurisdiction de novo.  United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (quotations omitted).

As a court of limited jurisdiction, we only possess that power authorized by the Constitution and by statute. We may not expand our power by judicial decree. Kokkonen, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citation omitted). Kokkonen established a two-part test to clarify the limits of a district court's ancillary jurisdiction: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its degrees." Id. at 379-80 (citations omitted).

Here, the district court did not err in determining that it lacked subject-matter jurisdiction. We begin with the obvious: Adalikwu bears the burden of demonstrating the district court's jurisdiction. Id. at 377. He concedes that federal law does not offer a specific statute authorizing the general expungement of a criminal record. Instead, he claims that, under Kokkonen, the district court may exercise its ancillary jurisdiction over his motion and expunge all publicly available records of his arrest, conviction, and sentence.

We are unpersuaded. For starters, many of our sister Circuits have addressed this question and have held that the federal courts do not have subject-matter jurisdiction over these kinds of motions, whether directed towards judicial records

3

or the executive branch, because they fail to meet Kokkonen's two-part test. See, e.g., United States v. Wahi, 850 F.3d 296, 298 (7th Cir. 2017) (holding that "the district court lacks ancillary jurisdiction to hear requests for equitable expungement . . . [because] expungement authority is not inherent but instead must be grounded in a jurisdictional source found in the Constitution or statutes") (citations omitted); Doe v. United States, 833 F.3d 192, 194, 199 (2d Cir.), cert. denied, 137 S. Ct. 2160 (2017) (reversing a district court's exercise of ancillary jurisdiction over a convicted defendant's motion seeking broadly to expunge all arrest and conviction records, predicated on her claim that "her conviction prevented her from getting or keeping a job . . . ," because "the District Court's exercise of ancillary jurisdiction in this case served neither of the goals identified in Kokkonen"); United States v. Mettetal, 714 F. App'x 230, 231, 235 (4th Cir. 2017) (unpub.) (holding that where a defendant sought expungement "of convictions vacated long ago" due to lack of probable cause, in light of "adverse professional and personal consequences," "Kokkonen delineates two circumstances in which federal courts can invoke ancillary jurisdiction [and n]either applies to petitions for equitable expungement"); United States v. Lucido, 612 F.3d 871, 875 (6th Cir. 2010) (holding that "the federal courts lack ancillary jurisdiction to consider expungement motions directed to the executive branch"); United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2007) (holding that where an acquitted defendant alleged that "his arrest and trial resulted in

4

impediments" to practicing his profession, "Kokkonen forecloses any ancillary jurisdiction to order expungement based on Coloian's proffered equitable reasons"); United States v. Meyer, 439 F.3d 855, 860-62 (8th Cir. 2006) (holding that where a convicted defendant sought expungement because his employer was subject to regulations that restricted the employment of individuals previously convicted of certain criminal offenses, "post-Kokkonen a motion to expunge a criminal record that is based solely on equitable grounds does not invoke the ancillary jurisdiction of the district court"); United States v. Dunegan, 251 F.3d 477, 479 (3d Cir. 2001) (holding that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal"); United States v. Sumner, 226 F.3d 1005, 1008, 1010 (9th Cir. 2000) (holding that where a convicted defendant alleged that "the record of his arrest and conviction will preclude him from obtaining the requisite teaching credentials," "courts [do not] have 'the inherent power, under equitable principles, to order expungement of criminal records' [because] . . . [t]he power of federal courts may not be expanded by judicial decree"). But see Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 702 (5th Cir. 1997).[1]

---

[1] Adalikwu's reliance on United States v. Flowers, 389 F.3d 737 (7th Cir. 2004), is misplaced. That opinion was explicitly overruled by the Seventh Circuit in Wahi in order to bring the Seventh Circuit in line with Kokkonen. See Wahi, 850 F.3d at 298, 302.

We're bound to delineate the district court's ancillary jurisdiction using the Supreme Court's formulation articulated in <u>Kokkonen</u>.  Under the first part of that test, the grounds for Adalikwu's request for expungement and the facts of his arrest and conviction are in no way interdependent.  <u>Kokkonen</u>, 511 U.S. at 379-80. Everything Adalikwu complains of, including the damage to his reputation and the increased difficulty in finding work, arose <u>after</u> his arrest and conviction and are entirely external to the criminal case itself.  <u>Id</u>.; <u>see also</u> <u>Wahi</u>, 850 F.3d at 302.

As for <u>Kokkonen</u>'s second prong, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully as a <u>court</u>."  <u>Wahi</u>, 850 F.3d at 302.  This is because expungement, at least in this case, is not needed to enable the court to "manage its proceedings"; Adalikwu's proceedings are over.  <u>Kokkonen</u>, 511 U.S. at 379-80.  He was arrested, he plead guilty, he appealed, and his conviction and sentence were vacated.  The essential business of the court as it related to Adalikwu was completed after it vacated his conviction and sentence.  Adalikwu's request sounds in equity, and, pursuant to <u>Kokkonen</u>, he is not entitled to expungement of judicial records.  511 U.S. at 379-80.  Quite simply, he has not met his burden of establishing subject-matter jurisdiction over his motion.  The district court did not err in dismissing his case.

**AFFIRMED**.

6